HOMICIDE (§ 142*) — INDICTMENT — ISSUES, PROOF, AND VARIANCE.

The variance between an indictment, charging accused with the killing of "Tom Jones," and the evidence, showing that the name of decedent was "Jim Jones," is fatal, requiring a reversal of the conviction, in the absence of evidence that decedent was as well known by the name of "Jim Jones" as "Tom Jones."

[Ed. Note.—For other cases, see Homicide, Cent. Dig. § 254; Dec. Dig. § 142.*]

Appeal from District Court, Freestone County; H. B. Daviss, Judge.

Margaret Jones, alias Maggie Jones, was convicted of manslaughter, and she appeals. Reversed and remanded.

R. L. Williford and Bell & Fryer, for appellant. C. E. Lane, Asst. Atty. Gen., for the State.

DAVIDSON, P. J. Appellant was convicted of manslaughter; her punishment being assessed at two years' confinement in the penitentiary.

The indictment charges appellant with killing Tom Jones. The evidence shows the name of the deceased was Jim Jones. There is nothing in the record to show that the deceased was known as well by the name of Jim Jones as Tom Jones, but all the way through the record shows the deceased's name was Jim Jones, and not Tom Jones. This may be a mistake in the record. However that may be, the indictment alleges the killing of one man, and the evidence shows the killing of another. This is such a variance as requires a reversal of the judgment. The court submitted to the jury the case upon the theory that Tom Jones was killed. The record fails to show that there was such a man as Tom Jones.

The judgment is reversed, and the cause is remanded.

---

## Ex parte SPENCER.

(Court of Criminal Appeals of Texas. June 21, 1911.)

BAIL (§ 43*)—CRIMINAL PROSECUTIONS—BAILABLE OFFENSES.

Where the proof in a murder case was not evident, the accused was entitled to be admitted to bail, under the provision of the Constitution authorizing the granting of bail in all cases, except in capital offenses where the proof is evident.

[Ed. Note.—For other cases see Bail, Cent. Dig. §§ 153–164; Dec. Dig. § 43.*]

Appeal from Criminal District Court, Harris County; C. W. Robinson, Judge.

Application by Harry L. Spencer for writ of habeas corpus admitting him to bail. Relator remanded to custody, and he appeals. Reversed, and bail granted.

Johnson, Barkley & Johnson, for appellant. C. E. Lane, Asst. Atty. Gen., for the State.

DAVIDSON, P. J. Relator was charged with murder. He sought bail under a writ of habeas corpus. Upon a hearing of the facts, the court remanded the relator to custody.

After a careful revision of the facts, we are of opinion that relator is entitled to bail, and the court erred in remanding him to custody. We do not purpose to enter into a discussion of the facts, or give reasons why the trial court was in error. The Constitution authorizes the granting of bail in all cases, except in capital offenses, where the proof is evident. It is sufficient to say in this case the evidence does not meet this requirement of the Constitution.

The judgment is therefore reversed, and bail is granted in the sum of $5,000. The sheriff of Harris county is ordered to take bail in the terms of the law for that amount, and release relator from custody upon his executing bond in the terms of the law for said amount.

---

## LANCASTER v. STATE.

(Court of Criminal Appeals of Texas. June 21, 1911.)

CRIMINAL LAW (§ 1090*)—APPEAL AND ERROR —AFFIRMANCE.

Where the record in a criminal appeal contains neither a statement of facts nor bill of exceptions, the judgment will be affirmed without a consideration of the grounds of error, assigned in the motion for new trial, that the verdict was against the law and the evidence, and that the penalty affixed was excessive, considering defendant's physical condition.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2803–2861; Dec. Dig. § 1090.*]

Appeal from District Court, Houston County; B. H. Gardner, Judge.

Jesse Lancaster was convicted of aggravated assault, and he appeals. Affirmed.

C. E. Lane, Asst. Atty. Gen., for the State.

PRENDERGAST, J. The appellant was indicted for murder of Grover Hale, and convicted of aggravated assault, and his penalty fixed at a fine of $250 and six months' confinement in the county jail.

There is neither a statement of the facts nor bill of exceptions in the record. The motion for new trial contains two grounds: First, because the verdict is not in accordance with the law and the evidence; second, that the penalty affixed is excessive, owing to the physical condition of the defendant. Neither of these grounds can be considered by us, in the absence of a statement of facts or bill of exceptions. The charge of the court on the subject of aggravated assault is correct and apt, and is not complained of.

The judgment is therefore affirmed.

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes